UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAY HOGE                                           )
                                                   )
                          Plaintiff,               )
                                                   )     **JUDGE BAER**
vs.                                                )
                                                   )     **05 CV 3849**
HARBOR CONSULTANTS LTD., formerly                  )
known as SANDS BROTHERS & CO., LTD.,               )     COMPLAINT
LAIDLAW & CO. (UK), LTD., formerly known           )
as SANDS BROTHERS INTERNATIONAL                    )     THIS COMPLAINT CONTAINS
LTD., STEVEN SANDS and MARTIN SANDS,               )     INFORMATION WHICH THE
                                                   )     PARTIES HAVE STIPULATED
                          Defendants.              )     SHOULD BE TREATED AS
                                                   )     CONFIDENTIAL
                                                   )

RECEIVED
APR 15 2005
U.S.D.C. S.D.N.Y.
CASHIERS

### Nature of This Action

1.      This action is brought to redress fraudulent transfers made to evade paying a judgment in the sum of $3,166,000, plus interest, entered against Sands Brothers & Co., Ltd., now known as Harbor Consultants Ltd., in the Central District of California on November 4, 2004, and filed in this Court on November 19, 2004.

### The Parties

2.      Plaintiff, Jay Hoge, is a citizen of California.

3.      Upon information and belief, defendant Harbor Consultants Ltd. is a Delaware corporation, authorized to do business in New York, with its principal place of business at 90 Park Avenue, New York, NY. This entity formerly was known as Sands Brothers & Co., Ltd., having changed its name on or about October 28, 2004.

4.      Upon information and belief, defendants Laidlaw & Co. (UK) Ltd. is a United Kingdom corporation duly authorized to conduct business in New York, with its principal place

of business at 90 Park Avenue, New York, NY. The entity formerly was known as Sands Brothers International Limited, having changed its name in or about November 2004.

5. Upon information and belief, Steven Sands is an individual and is a citizen of the State of New York.

6. Upon information and belief, Martin Sands is an individual and is a citizen of the State of New York.

**Jurisdiction and Venue**

7. On or about November 9, 2004, a Judgment was entered in favor of plaintiff and against Sands Brothers & Co., Ltd. in the sum of $3,166,000. Said judgment was duly filed in this Court on November 19, 2004.

8. No part of said judgment has been paid.

9. Jurisdiction of this action is based on diversity of citizenship, 28 U.S.C. 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs and the dispute is between citizens of different states and of a foreign state.

10. This court also has supplemental jurisdiction of this matter, as one to enforce a judgment entered in this Court.

11. Venue is proper in this district pursuant to 28 U.S.C. 1341.

**Facts**

12. For many years prior to October of 2004, Sands Brothers & Co., Ltd. was engaged, inter alia, in business as a stock broker.

13. Upon information and belief, all of the stock of Sands was and is owned or controlled by the defendants Steven Sands and Martin Sands.

14. At all relevant times, in numerous regulatory filings, Steven Sands and Martin Sands were denominated as control persons of Sands Brothers & Co., Ltd.

15. Sands Brothers & Co., Ltd. has had a lengthy history of disciplinary proceedings and customer claims asserted against it. It also has taken extraordinary measures to avoid paying arbitration awards and judgments against it. These are set forth, in part, in papers filed in the Supreme Court, New York County, in the case of Ramberg v. Sands Brothers & Co., Ltd., Index No. 122131/03, in which a pre-arbitration injunction against transfer of funds was entered.

16. On or about September 5, 2001, plaintiff commenced an arbitration proceeding before the New York Stock Exchange against Sands Brothers & Co., Ltd., Stephen Soler, a registered representative employed by Sands, William Iommi, an employee of Sands, and Martin Sands and Steven Sands, the principals and controlling persons of Sands Brothers & Co., Ltd..

17. On July 14, 2004, the Panel rendered an award against Sands Brothers & Co., Ltd. in the total sum of $3,166,000 including $1,000,000 of punitive damages. The award was duly confirmed by the United States District Court for the Central District of California and judgment thereon was entered on November 9, 2004. Said judgment was filed in this Court on November 19, 2004.

18. Defendants Steven Sands and Martin Sands also control the entity now known as Laidlaw & Co. (UK) Ltd., and formerly known as Sands Brothers International Limited.

19. Upon information and belief, prior to in or about 1999, Steven Sands, and Martin Sands were the sole shareholders of Sands Brothers International Limited.

20. In or about 1999 Steven Sands transferred his shares of Sands Brothers International Limited to the SBS Family Trust and thereafter to SBS Dynasty Trust (UK) and Martin Sands transferred his shares to the MSS Family Trust and thereafter to the MSS Dynasty

Trust (UK). Upon information and belief, Steven Sands and Martin Sands retained significant control over the operations of these trusts including control over investment decisions.

21. In subsequent regulatory filings Steven Sands and Martin Sands are described as being control affiliates of Sands Brothers International Limited, as was Sands Brothers & Co., Ltd., and both entities were described as being under common control.

22. Upon information and belief, in or about October 2004, and after the award in favor of plaintiff, the ownership of Sands Brothers International Limited was further transferred to entities called Garnet Trust and Buff Trust. Upon information and belief, said trusts are for the benefit of Steven Sands and Martin Sands or family members, and are subject to their direction and control.

23. Prior to rendition of the award in favor of plaintiff, Sands Brothers & Co., Ltd. had conducted a brokerage business, and was registered in virtually all states in the United States.

24. By contrast, Sands Brothers International Limited conducted little or no brokerage business.

25. Shortly after the rendition of the award, Sands Brothers International Limited registered to obtain broker dealer status in all States of the United States.

26. Upon information and belief, a number of registered representatives employed by Sands Brothers & Co., Ltd. became employed by Sands Brothers International Limited, and also were transferred.

27. On or about October 22, 2004, Sands Brothers & Co., Ltd entered into an Asset Purchase Agreement with Sands Brothers International Limited.

28. Pursuant to the terms of that Agreement, as amended, Sands Brothers International Limited acquired certain designated assets of Sands Brothers & Co., Ltd.

29. The price paid for these specified assets is three dollars for each order ticket executed by Sands Brothers International Limited over a period of three years. At the current rate, the total amount paid will be approximately $700,000.

30. Upon information and belief, that consideration is grossly unfair and inadequate, and represents a fraction of the true value of the business and assets actually acquired by Sands Brothers International Limited.

31. In point of fact, Sands Brothers International Limited acquired substantially all of the business and assets of Sands Brothers & Co., Ltd., not just those specified in the Asset Purchase Agreement.

32. In 2003 Sands Brothers Co., Ltd. has commission revenues in excess of $20 million. For the first nine months of 2004, its revenues were in excess of $14 million.

33. In addition, although no consideration apparently was paid therefor, Sands Brothers International Limited obtained the use of Sands Brothers & Co. Ltd. office space in New York and elsewhere, its office equipment, such as telephone and computers, and numerous other assets used in the conduct of business.

34. In addition, the clients of Sands Brothers Co., Ltd. became clients of Sands Brothers International Limited, and all or many of the registered representatives and other employees of Sands Brothers & Co., Ltd. became employees of Sands Brothers International Limited.

35. Sands Brothers International Limited also apparently acquired the right to receive certain payment from a number of entities including Sands Brothers Venture Capital, LLC,

Sands Brothers Venture Capital II, LLC, Sands Brothers Venture Capital III, LLC, Sands Brothers Venture Capital IV, LLC, and Sands Brothers Venture Capital V (Institutional ) LLC.

36. As a result, virtually all of the business and assets of Sands Brothers & Co. Ltd. have been transferred to Sands Brothers International Limited for far less than fair consideration.

37. Those transfers served no business purpose and were for the sole purpose of defeating plaintiff's right to collect the judgment.

38. Upon information and belief, defendants Steven Sands and Martin Sands knew of, approved, and participated in the transactions.

39. The transfers benefited defendants Steven Sands and Martin Sands, by protecting the value of substantial assets owned or controlled by them.

40. After making the transfers, Sands Brothers & Co., Ltd. changed its name to Harbor Consultants Ltd. and has conducted virtually no business.

41. Sands Brothers International Limited, in an effort to conceal the bogus nature of the transfers, has changed its name to Laidlaw & Co. (UK), Inc.

## First Cause of Action

42. The conveyances made violated Section 273 of the Debtor and Creditor Law and was fraudulent as to plaintiff in that they were made without fair consideration and Sand Brothers & Co., Ltd. was rendered insolvent thereby or was insolvent at the time of the transfer.

43. Defendant Sands Brothers International Limited, now known as Laidlaw & Co. (UK), Inc., as the recipient of the assets, and defendants Steven Sands and Martin Sands as the parties benefiting thereby, are liable to plaintiff in an amount equal to the fair market value of the assets transferred, or in such other amount as the Court may determine to be just and proper.

44. Plaintiff also is entitled to establishment of a constructive trust of over the assets transferred, as well as appropriate temporary and permanent injunctive or other relief to prohibit further transfers

## Second Cause of Action

45. The conveyances made violated Section 273-a of the Debtor and Creditor Law and were fraudulent as to plaintiff in that they were made without fair consideration in an action for money damages or after a judgment in such action had been docketed.

46. Defendant Sands Brothers International Limited, now known as Laidlaw & Co. (UK), Inc., as the recipient of the assets, and defendants Steven Sands and Martin Sands as the parties benefiting thereby, are liable to plaintiff in an amount equal to the fair market value of the assets transferred, or in such other amount as the Court may determine to be just and proper.

47. Plaintiff also is entitled to establishment of a constructive trust of over the assets transferred, as well as appropriate temporary and permanent injunctive or other relief to prohibit further transfers

## Third Cause of Action

48. The conveyances made violated Section 274 of the Debtor and Creditor Law and were fraudulent as to plaintiff in that they were made without fair consideration by an entity engaged in business, and the property remaining in its hands after the conveyance was unreasonably small.

49. Defendant Sands Brothers International Limited, now known as Laidlaw & Co. (UK), Inc., as the recipient of the assets, and defendants Steven Sands and Martin Sands as the parties benefiting thereby, are liable to plaintiff in an amount equal to the fair market value of the assets transferred, or in such other amount as the Court may determine to be just and proper.

50. Plaintiff also is entitled to establishment of a constructive trust of over the assets transferred, as well as appropriate temporary and permanent injunctive or other relief to prohibit further transfers

### Fourth Cause of Action

51. The conveyances made violated Section 275 of the Debtor and Creditor Law and were fraudulent as to plaintiff in that they were made by an entity which believed that it would incur debts beyond its ability to pay.

52. Defendant Sands Brothers International Limited, now known as Laidlaw & Co. (UK), Inc., as the recipient of the assets, and defendants Steven Sands and Martin Sands as the parties benefiting thereby, are liable to plaintiff in an amount equal to the fair market value of the assets transferred, or in such other amount as the Court may determine to be just and proper.

53. Plaintiff also is entitled to establishment of a constructive trust of over the assets transferred, as well as appropriate temporary and permanent injunctive or other relief to prohibit further transfers

### Fifth Cause of Action

54. The conveyances made violated Section 276 of the Debtor and Creditor's Law and were fraudulent as to plaintiff in that they were made with the actual intent to hinder, delay, or defraud plaintiff as a creditor of Sands Brothers & Co., Ltd.

55. Defendant Sands Brothers International Limited, now known as Laidlaw & Co. (UK), Inc., as the recipient of the assets, and defendants Steven Sands and Martin Sands as the parties benefiting thereby, are liable to plaintiff in an amount equal to the fair market value of the assets transferred, or in such other amount as the Court may determine to be just and proper.

- 9 -

56. Plaintiff also is entitled to establishment of a constructive trust of over the assets transferred, as well as appropriate temporary and permanent injunctive or other relief to prohibit further transfers

57. In addition, pursuant to Section 276-a of the Debtor and Creditor Law plaintiff is entitled to recover from defendants his reasonable legal fees herein.

WHEREFORE, Plaintiff demands Judgment, against Defendants, jointly and severally for:

(a) An amount equal to the fair value of the assets of Sands Brothers & Co., Ltd., transferred to Sands Brothers International Limited or such other amount as the Court deems just and proper;

(b) Establishment of a constructive trust over the assets transferred;

(c) Appropriate temporary or permanent injunctive or other relief;

(d) Legal fees;

(e) Costs and disbursements; and

(f) Interest.

Dated: April 13, 2005

        Goodkind Labaton Rudoff & Sucharow LLP
        Attorneys for Plaintiff

        By: <u>S/JOSEPH H. EINSTEIN</u>
           Joseph H. Einstein
           (JE-9872)
           100 Park Avenue
           New York, NY 10017
           212-907-0700