UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

JAY HOGE,                                              05 CV. 3849 (HB)

                      Plaintiff,

—against—

HARBOR CONSULTANTS LTD., formerly
known as SANDS BROTHERS & CO., LTD.,
LAIDLAW & CO. (UK), LTD., formerly known
as SANDS BROTHERS INTERNATIONAL LTD.,
STEVEN SANDS and MARTIN SANDS,

                      Defendants.

---------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS


This memorandum contains information
which the parties have stipulated should
be treated as confidential.


**KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP**
*ATTORNEYS FOR DEFEDNANTS STEVEN SANDS AND MARTIN SANDS*
**675 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 661-2150**

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ............................................................................................................. i

Preliminary Statement.......................................................................................................................1

FACTS ..............................................................................................................................................2

ARGUMENT....................................................................................................................................4

THE STANDARD ON A 12(b)(6) MOTION TO DISMISS .........................................................4

I.      The Fraudulent Conveyance Counts Must Be Dismissed Because
The Amended Complaint Does Not And Cannot Allege Facts that Establish
Steven Sands Or Martin Sands As A Transferee Or Beneficiary Of The Assets
Which Allegedly Were Fraudulently Conveyed................................................................5

II.     The Sixth Claim Of The Amended Complaint Must Be Dismissed
Because It Fails To State A Claim For Common Law Fraud.............................................8

III.    The Claims For Fraudulent Conveyance And Fraud Against
Steven Sands And Martin Sands Are Not Pled With The Requisite
Particularity And Must Be Dismissed...............................................................................10

IV.    No Further Amendments Naming Steven Sands And/Or Martin Sands
Should Be Permitted .........................................................................................................12

CONCLUSION...............................................................................................................................13

## TABLE OF AUTHORITIES

*Page*

Brenner v. Philips, Appel & Walden, Inc. ..................................................................4,5,6,7
    1997 WL 33471053 (S.D.N.Y.)

Cargo Partner AG v. Albatrans, Inc. ..........................................................................10,11
    207 F. Supp.2d 86, 115 (S.D.N.Y. 2002)

County of Suffolk v. First American Real Estate Solutions .............................................4
    261 F.3d 179, 184 (2d Cir. 2001)

Doughterty v. Town of North Hempstead Board of Zoning Appeals............................12
    282 F.3d 83 (2d Cir. 2002)

FDIC v. Porco ..................................................................................................................4,5
    75 N.Y.2d 840 842, 552 N.Y.S.2d 910, 911

Forman v. Davis..............................................................................................................12
    371 U.S. 178, 83 S.Ct. 227 (1962)

Foufas v. Leventhal...........................................................................................................5
    1995 WL 332020, *2 (S.D.N.Y.)

Freedom Holdings Inc. v. Spitzer ....................................................................................4
    363 F.3d 149, 152 (2d Cir. 2004)

Gallant v. Kanterman........................................................................................................4
    198 A.D.2d 76,80, 603 N.Y.S.2d 315, 318 (1st Dep't 1993)

Geren V. Quantum Chemical Corporation ................................................................5,6,8
    832 F.Supp. 728 (S.D.N.Y 1993)

Lerner v. Fleet Bank, N.A. ................................................................................................3
    318 F.3d 113, 117 (2d Cir.)

Luce v. Edelstein..............................................................................................................10
    802 F.2d 49, 54 n.1 (2d Cir. 1986)

Lucente v. International Business Machines Corporation. ..........................................11
    310 F.3d 243, 258 (2d Cir. 2002)

Nettis v. Levitt .................................................................................................................12
    241 F.3d 186, 192 (2d Cir. 2001)

New York University v. Continental Insurance Company ......................................................... 8
    87 N.Y.2d 308, 639 N.Y.S.2d 283, 289 (1995)

Robinson v. Overseas Military Sales Corp. ........................................................................... 4
    21 F.3d 502, 507 (2d Cir. 1994)

Sterling Nat. Bank & Trust Co. v. Federated Department Stores, Inc. .................................. 10
    612 F.Supp 144, 147 (S.D.N.Y. 1985)

Texas Industries, Inc. v. Radcliff Materials, Inc. ..................................................................... 8
    451 U.S. 630, 641, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981)

UCAR International, Inc. v. Union Carbide Corp. ................................................................ 3,7
    2004 WL 2756998 (2d Cir. 2004)

Wheeldin v. Wheeler ............................................................................................................. 8
    373 U.S. 647, 651, 83 S. Ct. 1441, 1444, 10 L.Ed.d2d 605 (1963)

York v. Association of Bar of City of New York. .................................................................... 3
    286 F.3d 122, 125 (2d Cir.)

## FACTS[1]

In or about 2001, Plaintiff Hoge commenced an arbitration proceeding against, among others, Defendants Steven Sands and Martin Sands. (A. Compl. ¶ 18). The arbitration against Steven Sands and Martin Sands was withdrawn by Plaintiff Hoge and dismissed by the NYSE arbitration panel. In contrast, the NYSE arbitration panel rendered an award against Sands Brothers & Co., Ltd., and a lesser award against Steven Soler [2]. (A. Compl. ¶ 19; Russo Decl Ex. B). The award was confirmed and converted into a judgment against Sands Brothers & Co., Ltd. and Steven Soler. (Id.). There was no judgment against Steven Sands or Martin Sands because they had been dismissed from the action.

Several months after the Hoge Award, Sands Brothers & Co., Inc., filed a Form BDW withdrawing as a broker dealer. At or about that time, the firm entered into an asset purchase agreement with Sands Brothers International Limited, now known as Laidlaw & Co., Ltd. (A. Compl. ¶¶ 56 and 48). The agreement provided, among other consideration, for a stream of payments which Plaintiff admits will result in approximately $500,000 (in the Original Complaint Plaintiff alleged $700,000) being paid to Sands Brothers & Co., Inc. (A. Compl. ¶ 58). Plaintiff alleges that this amount – upon unspecified "information and belief" – is inadequate and unfair consideration. (A. Compl. ¶ 59).

---

[1] For the Court's convenience, the Amended Complaint in this action is annexed as Exhibit A to the Declaration of Martin P. Russo dated January 5, 2006 ("Russo Decl.").
[2] The Court should take judicial notice that the judgment presently is on appeal in federal court in California.

It is undisputed that Sands Brothers International Limited was owned by two trusts (established by Steven Sands and Martin Sands) for at least five years before the Hoge award. (A. Compl. ¶ 23). In addition, Plaintiff admits that Steven Sands and Martin Sands are neither the trustees nor the beneficiaries of the trusts. (A. Compl. ¶ 24 and 28-36.) Nevertheless, the Complaint attempts to recover from Steven Sands and Martin Sands because upon further unspecified "information and belief" they allegedly knew of, approved and participated in the transactions (A. Compl. ¶ 75) and benefited by "protecting the value of substantial assets owned or controlled by them." (A. Compl. ¶ 76). Notably, the Complaint does not allege that Steven Sands, Martin Sands or any trust received the assets which purportedly were conveyed as part of a so-called fraud; rather, it is clear that the transfer of assets, if any, were to Laidlaw.

## ARGUMENT

### THE STANDARD ON A 12(b)(6) MOTION TO DISMISS

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that, if assumed to be true, would confer a judicially cognizable right of action. York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002). On a motion to dismiss pursuant to Rule 12(b)(6), a court should accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. See, e.g., Lerner v. Fleet Bank, N.A., 318 F.3d 113, 117 (2d Cir.), cert. denied, 540 U.S. 1012 (2003); York, 286 F.3d at 125. General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint. UCAR International, Inc. v. Union Carbide Corp., 2004 WL 2756998 (2d Cir.

2004).³ In addition, a court should not draw argumentative inferences in favor of the non-moving party. <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 (2d Cir. 1994). Beyond the complaint itself, a court may consider any documents attached, incorporated by reference, or integral to the claims asserted, as well as any matters of which judicial notice may be taken. <u>Id.</u>; <u>County of Suffolk v. First American Real Estate Solutions</u>, 261 F.3d 179, 184 (2d Cir. 2001). The court may also view the allegations in light of the full terms of the relevant agreements and statutes. <u>Freedom Holdings Inc. v. Spitzer</u>, 363 F.3d 149, 152 (2d Cir. 2004).

    I.    <u>THE FRAUDULENT CONVEYANCE COUNTS MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT DOES NOT AND CANNOT ALLEGE FACTS THAT ESTABLISH STEVEN SANDS OR MARTIN SANDS AS A TRANSFEREE OR BENEFICIARY OF THE ASSETS WHICH ALLEGEDLY WERE FRAUDULENTLY CONVEYED</u>

It is well-settled under New York law that a cause of action for fraudulent conveyance does not lie against a party who is neither a transferee nor a beneficiary of an allegedly fraudulent conveyance. <u>Brenner v. Philips, Appel & Walden, Inc.</u>, 1997 WL 33471053 (S.D.N.Y.); <u>see also</u>, <u>FDIC v. Porco</u>, 75 N.Y.2d 840, 842, 552 N.Y.S.2d 910, 911 (Uniform Fraudulent Conveyance Act "d[oes] not, either explicitly or implicitly, create a creditor's remedy for money damages against parties who, like defendants here, were neither transferees of the assets nor beneficiaries of the conveyance"); <u>Gallant v. Kanterman</u>, 198 A.D.2d 76, 80, 603 N.Y.S.2d 315, 318 (1st Dep't 1993) (affirming dismissal of fraudulent conveyance claim against attorneys, owner, and employee based on their participation in transferring stock to family trust, where those defendants were

---

³ For the Court's convenience, copies of all cases with Westlaw citations are annexed to the Russo Decl.

not transferees or beneficiaries, noting "there is no remedy under th[e] statute for money damages against these parties"); accord, Foufas v. Leventhal, 1995 WL 332020, *2 (S.D.N.Y.)

In Geren v. Quantum Chemical Corporation, 832 F.Supp. 728 (S.D.N.Y. 1993) affirmed 99 F.3d 401 (2d Cir. 1995), the Court dismissed a New York Fraudulent Conveyance Act claim against corporate directors for failure to state a claim. The plaintiff sought damages from the directors based on their decision to pay shareholders a special dividend. Judge Leval found that the relief the plaintiff sought was not available in a claim for fraudulent conveyance as follows:

> "The creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance," and requiring that it be restored to the debtor's possession.... The cause of action for fraudulent conveyance does not provide for damages against persons who caused the transfer to compensate for [the plaintiff's alleged loss]. Indeed, the action for fraudulent conveyance does not create an independent remedy of money damages against third parties who aided the debtor's transfer at all.... The New York Court of Appeals recently explicitly rejected the contention that New York law "created a creditor's cause of action in conspiracy, assertable against nontransferees or nonbeneficiaries solely for assisting in the conveyance of a debtor's assets." Federal Deposit Insurance Corp. v. Porco, 75 N.Y.2d 840, 552 N.Y.S.2d at 911, 552 N.E.2d at 159 [ (1990) ].

Geren, 832 F.Supp. at 736-37 (citations omitted).

The facts of Brenner are most similar to this case and are instructive as to why the complaint fails to state a claim against Steven Sands and Martin Sands. In Brenner, a broker-dealer filed a Form BDW withdrawing its registration with the Securities and Exchange Commission. Brenner, 1997 WL 33471053 at *1. The broker-dealer was owned by a holding company which was in turn owned (93%) by Muller & Co. Id. The plaintiff Brenner had obtained unsatisfied judgments against the broker-dealer and brought suit for fraudulent conveyance against, among others, two individuals – Robert

Blatt and Edward Muller – for conveyances made to Muller & Co. during the broker-dealer's winding down. Id. Mr. Blatt was the Chairman, CEO and a director of the broker dealer as well as the Chairman, CEO and a shareholder of Muller & Co. Mr. Muller was an officer and director of the broker dealer as well as a director and 35% shareholder of Muller & Co. Id.

Brenner claimed that Messrs. Blatt and Muller were individually liable for the alleged fraudulent conveyances because (1) they allowed the broker-dealer to convey the assets without receiving fair consideration in return and (2) the assets which had been conveyed were subsequently transferred to themselves. Id. at *4. The court granted summary judgment for Messrs. Blatt and Muller dismissing the fraudulent conveyance counts. With respect to Brenner's first theory, the court found that mere participation in a fraudulent transfer is not sufficient to give rise to a cause of action against an officer or director under the statute; rather, the remedy created under the Fraudulent Conveyance Act is limited to reaching the property that would have been available had there been no conveyance and requiring it to be restored to the debtor's possession. Id. at *4-5. The court reaffirmed that only transferees and beneficiaries of a conveyance are subject to a claim for return of the assets. Id. Consistent with this holding, the court also dismissed that part of the claim based on Brenner's second theory because he failed to prove that either of Messrs. Blatt or Muller were transferees or beneficiaries of the assets at issue. Id. In so ruling, the court implicitly found that their status as shareholders of the transferee was insufficient to create a cause of action.

In this case, like in Geren and Brenner, the fraudulent conveyance claims against Steve Sands and Martin Sands should be dismissed. As a matter of law, Plaintiff's

allegation that they knew of, approved and participated in the transactions (A. Compl. ¶ 75), even if true, is insufficient to give rise to a cause of action. Similarly, the allegation that they benefited by "protecting" the value of substantial assets owned or controlled by them (A. Compl. ¶ 76) does not give rise to a cause of action because it does not allege that they are transferees.

The Amended Complaint, like the previously dismissed complaint, only alleges that Laidlaw & Co. is a transferee. No other person or entity is alleged to have received the assets in question. There is no allegation that any asset was transferred to the trusts which are the shareholders of Laidlaw & Co.[4] And there is no allegation that Steven Sands or Martin Sands received any asset. Moreover, in contrast to the original Complaint, Steven Sands and Martin Sands are now <u>not even alleged to be the beneficiaries of the trusts</u> which are the shareholders of Laidlaw& Co. (Compl. ¶ 24). Consequently, even if the allegations of the Complaint were to be proven, there could be no judgment against Steven Sands or Martin Sands because there is now absolutely no credible argument that they benefited from the transfer of any asset to Laidlaw & Co.[5] To find otherwise would improperly create an independent remedy of money damages against third parties under the Fraudulent Conveyance Act despite the clearly contrary holding of <u>Geren</u>. As the <u>Geren</u> case instructs, "[t]he creditor's remedy in a fraudulent

---

[4] Notably, like Messrs. Blatt and Muller in <u>Brenner</u>, the trusts which are merely alleged to be shareholders of Laidlaw & Co. would be entitled to a dismissal as a matter of law had they been named.

[5] The Amended Complaint's conclusory assertion with respect to Steven Sands' and Martin Sands' receipt of a benefit should be rejected because the allegations of the Amended Complaint belie the conclusion. <u>UCAR International</u>, 2004 WL 2756998 at *1.

H:\72051\0003\1340547.DOC                                    7

conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance..." Geren, supra at 736.

Accordingly, the Fraudulent Conveyance Act claims of the Amended Complaint should be dismissed as against Steven Sands and Martin Sands because they fail to state a claim upon which relief can be granted.

## II. THE SIXTH CLAIM OF THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR COMMON LAW FRAUD

Consisting of a single paragraph, the sixth claim of the Amended Complaint uses conclusory language in a frivolous effort to state a claim for fraud. The allegations are so blatantly deficient that it is clear that Plaintiff merely paid lip service to this Court's concerns by adding the claim without support or even an attempt to set forth the elements of fraud against Steven Sands or Martin Sands.

Pursuant to New York law, the elements of a cause of action for common law fraud are "representation of a material existing fact, falsity, scienter, deception and injury." New York University v. Continental Insurance Company, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 289 (1995).[6] In addition, Plaintiff must allege that the material

---

[6] Although the sixth claim is not specifically identified as a cause of action for fraud under New York common law, it should be assumed that this is what Plaintiff intended, because he alleges in paragraph 9 of the Amended Complaint that jurisdiction is based on diversity of citizenship and not the presence of a federal question. Moreover, there is no federal common law cause of action for fraud which would be relevant to this action. The instances in which federal courts may formulate federal common law are "few and restricted." Wheeldin v. Wheeler, 373 U.S. 647, 651, 83 S.Ct. 1441, 1444, 10 L.Ed.2d 605 (1963). "[A]bsent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." Texas Industries, Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 641, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981). With respect to the

misrepresentation was one on which it relied. Id. The Amended Complaint fails to allege these elements in every respect. There is no allegation that Plaintiff relied upon a misrepresentation or omission made by Steven Sands or Martin Sands. Indeed, there is no allegation that any party made a false statement. Moreover, beyond the conclusory allegation that all of the defendants acted "intentionally," there is no allegation that Steven Sands or Martin Sands knowingly misled Plaintiff in any way. Even the most cursory review of the Amended Complaint reveals that Plaintiff does not allege any dealings directly (or indirectly) with Steven Sands or Martin Sands. It also does not allege that Plaintiff took any action or was injured as a result of his reliance on any conduct by Steven Sands or Martin Sands. Rather, the Amended Complaint alleges open and notorious acts with which Plaintiff had no involvement and which accurately were disclosed – namely, the transfer of accounts pursuant to an asset sale which generated a stream of income and the transfer of certain brokers. Plaintiff admits – because there can be no dispute -- that the transfer of the accounts and registered representatives was disclosed in regulatory filings.[7]

In sum, the Amended Complaint does not state a claim for misrepresentation or fraud against Steven Sands and Martin Sands. It merely questions whether adequate

---

instant case, Plaintiff does not refer to – because he cannot – any congressional authorization whereby the court can utilize a formulation of a federal cause of action for common law fraud.

[7] Plaintiff's claim of damage similarly is flawed. Had the timely transfer of brokerage accounts and registered representatives not taken place, the accounts and the brokers would have gone elsewhere without any value to Harbor. Both the brokers and the customer accounts were a wasting asset not under the control of the firm. The minute Harbor submitted a Form BDW, only its clearing firm could execute trades for the accounts. With no other option, the brokers promptly would have associated with other broker-dealers and convinced the customers to follow. In the end, Harbor would have received nothing for the assets and Plaintiff would have recovered even less of his judgment.

consideration was received as part a business transaction. Accordingly the fraud claim should be dismissed as against Steven Sands and Martin Sands.

> III. THE CLAIMS FOR FRAUDULENT CONVEYANCE AND FRAUD AGAINST STEVEN SANDS AND MARTIN SANDS ARE NOT PLED WITH THE REQUISITE PARTICULARITY AND MUST BE DISMISSED

Assuming <u>arguendo</u> that the Court is inclined to find that the allegations of the Amended Complaint are sufficient to state a claim, it should nevertheless dismiss the Complaint because it fails to plead fraud against Steven Sands and Martin Sands with the particularity required by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud ... the circumstances constituting the fraud .... shall be stated with particularity." Fed.R.Civ.Pro. 9(b). Specifically, "plaintiff must plead the time, place and content of an alleged false representation." <u>Sterling Nat. Bank & Trust Co. v. Federated Deparment Stores, Inc.</u>, 612 F.Supp 144, 147 (S.D.N.Y. 1985). The particularity requirements of Rule 9(b) also apply to claims asserted under the New York Fraudulent Conveyance Act. <u>Cargo Partner AG v. Albatrans, Inc.</u>, 207 F. Supp.2d 86, 115 (S.D.N.Y. 2002).

In the instant case, the Amended Complaint does not allege the time, place or content of any alleged false representation by Steven Sands or Martin Sands. The Amended Complaint does nothing more than conclusorily allege that Steven Sands and Martin Sands "controlled" entities which were involved in purportedly fraudulent transfers. Such vague and conclusory allegations do not satisfy the requirement of Rule 9(b).

Moreover, allegations of fraud typically cannot be based upon information and belief, except for "matters peculiarly within the opposing party's knowledge." <u>Luce v.</u>

Edelstein, 802 F.2d 49, 54 n.1 (2d Cir. 1986)(internal quotation omitted). However, even where the information is controlled by the opposing party, information and belief pleadings must be accompanied by "a statement of the facts upon which the belief is founded." Id. "While a plaintiff need not demonstrate in his complaint that what he believes to be true is in fact true, he must present facts that show that his belief is not without foundation, that it is belief rather than irresponsible speculation." Cargo Partner, 207 F. Supp.2d at 116 (internal quotation omitted). Allegations made upon information and belief must be accompanied by a statement of the facts on which the belief is founded. Id.

In this case, the Plaintiff alleges upon information and belief that the consideration paid for the transferred assets "is grossly unfair and inadequate, and represents a fraction of the true value of the business and assets actually acquired by Laidlaw from Sands." (A. Compl. ¶ 59). Plaintiff offers no further basis for his contention that three dollars per order ticket over a period of three years is inadequate consideration. As a matter of law, this Court should not accept such a crucial allegation upon information and belief without a statement of the facts on which the belief is founded. Cargo Partner, 207 F. Supp.2d at 116.

Accordingly, the Complaint should be dismissed as against Steven Sands and Martin Sands because it fails to plead fraud with the requisite particularity.

### IV   NO FURTHER AMENDMENTS NAMING STEVEN SANDS AND/OR MARTIN SANDS SHOULD BE PERMITTED

Like the original complaint, the Amended Complaint fails to state a claim against these defendants, and no further amendments will be able to cure its fundamental deficiency. Although ordinarily under Federal Rule of Civil Procedure 15(a) leave to

amend should be freely granted, "[o]ne appropriate basis for denying leave to amend is that the proposed amendment is futile." Lucente v. International Business Machines Corporation, 310 F.3d 243, 258 (2d Cir. 2002). See also, Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002)("...futility of amendment" will serve to prevent an amendment ...")(quoting Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962)). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty, supra., at 88. See also, Nettis v. Levitt, 241 F.3d 186, 192 (2d Cir. 2001)("One appropriate basis for denying leave to amend is that the proposed amendment would be futile because it fails to state a claim.")

Any further amendment as against Steven Sands and Martin Sands would be futile and should not be permitted. Plaintiff's case against Steven Sands and Martin Sands as individuals is irreparably flawed because (i) he can not allege that they are the recipients of any transferred assets and (ii) he can not allege that they made any fraudulent statement on which he relied. No further amendments can change either of these dispositive facts. Indeed, Plaintiff's counsel admitted to this Court during oral argument on November 21, 2005 that "...the evidence and the proof going forward on all of this is identical. There is not any difference [in] what we're going to ferret out." Russo Declaration, Ex. G. Accordingly, the Amended Complaint should be dismissed as against Steven Sands and Martin Sands without leave to amend. To permit further amendments would unnecessarily burden the defendants, as well as the Court, with further and repetitive motion practice.

## CONCLUSION

Based on the foregoing, the Amended Complaint against Steven Sands and Martin Sands should be dismissed.

Dated: January 5, 2006
      New York, New York

Respectfully submitted,

KURZMAN EISENBERG CORBIN
LEVER & GOODMAN, LLP

By: _____
Martin P. Russo (MR4134)
675 Third Avenue, Suite 1800
New York, New York 10017
Tel: (212) 661-2150

Attorneys for Defendants
Steven Sands and Martin Sands